CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
MEGAN M. LAWSON, SBN 294397
  mlawson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant CHEVRON CORPORATION

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CLAYBORNE, an individual, on behalf of himself, all others similarly situated, and all other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION, NEWTRON, LLC, THE NEWTRON GROUP, LLC and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CHEVRON CORPORATION'S NOTICE OF REMOVAL OF FIRST AMENDED COMPLAINT FOR CLASS ACTION**<br><br>Action Filed: September 20, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SHAWN CLAYBORNE AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Chevron Corporation ("Chevron") removes this action entitled *Shawn Clayborne v. Chevron Corporation, et al.*, Case No. MSC 19-01830 (the "State Court Action"), from the Superior Court of the State of California, for the County of Contra Costa, to the United States District Court for the Northern District. Removal is proper for the reasons stated below:

## I.   TIMELINESS OF REMOVAL

1. Defendant's removal is timely under 28 U.S.C. § 1446(b) as it is being filed "within 30 days after receipt by the defendant, through service, or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." The original complaint was filed on September 20, 2019. Chevron was never served with a copy of the complaint, but obtained a non-service copy of the Complaint from Plaintiff's counsel on November 4, 2019 via email. The FAC was filed on November 14, 2019, and Chevron, though never served, also obtained a copy from Plaintiff via email on the same day.

2. Moreover, removal is proper because neither defendant has been served with the Summons and Complaint, as required by 28 U.S.C. § 1441(b)(2), despite Plaintiff having two months since he filed the State Court Action: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." *Id.*; *see also Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012) (explaining that "[t]he statute does nothing to prevent sophisticated defendants from electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court"; and holding that "the Northern District has consistently followed" this approach, recognizing that a defendant can remove a diversity case even before being served); *Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019)

("§ 1441(b)(2) does not bar an in-state defendant from removing an action before the defendant is served."); *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014) ("[A] defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *Zirkin v. Shandy Media, Inc.*, No. 218CV09207ODWSSX, 2019 WL 626138, at *3 (C.D. Cal. Feb. 14, 2019) (finding that where "Plaintiff had sufficient time to serve Defendants" the court was "unwilling to effectively erase language from a statute by ignoring the language "and served" in the Forum Defendant Rule and tread dangerously into legislative province."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").

## II.     GROUNDS FOR REMOVAL

3. On September 20, 2019, Plaintiff Shawn Clayborne ("Plaintiff") brought this putative Class Action in the Superior Court of the State of California for the County of Contra Costa against Defendants Chevron, Cherne Contracting Corporation ("Cherne"), Newtron LLC and The Newtron Group, LLC ("collectively Newtron").  Neither Chevron, Cherne nor Newtron were served with the Summons and Complaint.  Plaintiff filed a First Amended Complaint ("FAC") on November 14, 2019, removing Cherne as a Defendant.  To date, neither Chevron nor Newtron has been served with the FAC or with any other materials that Plaintiff may have submitted in the State Court Action.

4. Accordingly, it is not possible for Chevron to include with its Notice of Removal "a copy of all process, pleadings, and orders served upon such . . . defendants in such [state court] action" as provided in 28 U.S.C. § 1446(a), because no such materials have been served on Chevron. Nonetheless, Chevron has obtained copies of the unserved State Court Action Complaint and FAC because Plaintiff emailed copies to Chevron's outside counsel in a federal class action pending in this Court against the same parties.  True and correct copies of the Complaint and FAC are attached as **Exhibits B and C** to the Declaration of Jesse A. Cripps in Support of Defendant Chevron Corporation's Notice of Removal ("Cripps Declaration").

5.     The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and therefore is one that Defendant may remove to this Court under 28 U.S.C. § 1441(a) because Plaintiff has filed a class action complaint where the proposed class contains more than 100 members, the amount in controversy, in the aggregate, exceeds $5 million and Defendant Newtron is a citizen of a state different from Plaintiff.

A.     **PLAINTIFF BRINGS A CLASS ACTION AGAINST DEFENDANTS**

6.     The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1332(d)(2), if, among other CAFA requirements, a civil action is filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by as a class action.

7.     Plaintiff brings the State Court Action "as a class action" "on behalf of himself and all Employees who worked in California from September 20, 2015 through the date of the final disposition of this action."  FAC ¶¶ 1, 3.  Plaintiff brings his clams for relief pursuant to California Civil Procedure Code section 382 which authorizes the State Court Action to be brought as a class action.  *See* FAC ¶ 32.

8.     Plaintiff alleges that Defendants do not compensate Plaintiff and the proposed class for all time worked at the beginning and end of their workdays.  *See* FAC ¶¶ 25-26.  Plaintiff also alleges that Defendants improperly deduct wages from Plaintiff and the proposed class when they depart early from work.  FAC ¶27.  Accordingly, Plaintiff alleges, Defendants owe Plaintiff and the proposed class (1) unpaid wages at their regular rate of pay for all hours worked at the beginning and end of their shifts; (2) unpaid wages at their regular rate of pay for any time improperly deducted when they left early from work; (3) unpaid minimum wages and liquidated damages; (4) and (5) civil penalties under Labor Code section 226.3; and (6) waiting time penalties pursuant to Labor Code section 203.  FAC ¶¶ 44, 48, 52, 54, 58, 60, 65.  Plaintiff also alleges that Defendants violated the California Business and Professions Code and that he is entitled to recover civil penalties under the California Private Attorneys General Act.  FAC ¶¶ 69, 74.

**B.     THERE ARE MORE THAN 100 MEMBERS IN THE PROPOSED CLASS**

9.     The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(5) if, among other CAFA requirements, the action involves a putative class of at least 100 persons. Here, Plaintiff expressly states that "during the class period Defendants have employed at least hundreds of persons who fall within the Class definition." FAC ¶ 33.

**C.     THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

10.    This Court has original jurisdiction if, among other requirements of CAFA, the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Chevron denies it is liable to Plaintiff, but states that if Plaintiff were to prevail on his claims, it is more likely than not that the amount in controversy exceeds $5 million, exclusive of interest and costs.

11.    Although Plaintiff does not allege in his state court case a specific amount in controversy, he has expressly alleged in paragraph 5 of his federal action that the $5 million amount in controversy is satisfied. A true and correct copy of the complaint in the federal action is attached as **Exhibit A** to the Cripps Declaration. In addition, Chevron has confirmed through co-Defendant Newtron that the amount in controversy requirement satisfies the $5 million amount in controversy requirement. Newtron intends to provide additional data to the Court to demonstrate that the $5 million amount in controversy requirement is met.

**D.     DIVERSITY EXISTS BETWEEN THE PARTIES**

12.    This Court has original jurisdiction if, among other requirements of CAFA, a member of the class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

13.    According to the Complaint, Plaintiff worked at Chevron's petroleum refinery in Richmond, California. FAC ¶ 8. Although Plaintiff does not state whether he is a California citizen in the FAC, based on the allegation that he worked at Chevron's refinery in northern California, it is reasonable to assume that Plaintiff resides in northern California and therefore is a citizen of California.

14.    A corporation is a citizen of the state where it was incorporated and where it has its principal place of business. *See* 28 U.S.C. 1332(c) ("For purposes of this section and section 1441 of

this title— (1) a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").  Chevron is a Delaware corporation headquartered in San Ramon, California.  FAC ¶¶ 9-10.  Newtron is a Delaware Limited Liability Company headquartered in Baton Rouge, Louisiana.  FAC ¶12-16.

15. No other defendant has been named in the State Court Action, and none of those named have been served.

### III.   REMOVAL TO THIS COURT IS PROPER

16. Based on the foregoing facts and allegations, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(d).

17. Venue is proper in United States District Court for the Northern District of California under 28 U.S.C. § 1441(a) because the Superior Court of the State of California, County of Contra Costa, where the State Court Action is currently pending, is within the Northern District.  Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Contra Costa, and serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Chevron respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Contra Costa to the United States District Court for the Northern District of California.


Dated:  November 19, 2019

                GIBSON, DUNN & CRUTCHER LLP


By:     /s/ *Jesse A. Cripps*
          Jesse A. Cripps

    Attorneys for Defendant
    CHEVRON CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:    /s/ *Jesse A. Cripps*
       Jesse A. Cripps