Jahan C. Sagafi (SBN 224887)
jsagafi@outtengolden.com
Moira Heiges-Goepfert (SBN 326861)
mhg@outtengolden.com
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Steven Elster (SBN 227545)
steve.elster.law@gmail.com
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, No. 201
Concord, CA 94518
Telephone: (925) 324-2159

*Attorneys for Plaintiff and proposed Class Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN CLAYBORNE, an individual, on behalf of himself, all others similarly situated, and all other aggrieved employees,<br><br>PLAINTIFF,<br><br>vs.<br><br>CHEVRON CORPORATION, NEWTRON, LLC, THE NEWTRON GROUP, LLC, and DOES 1-100, inclusive,<br><br>DEFENDANTS. | Case No. 4:19-cv-07624-JSW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>Hearing Date: January 8, 2021<br>Hearing Time: 9:00 A.M.<br>Courtroom: 5, 2nd Floor<br>Judge: Hon. Jeffrey S. White |

TO THE COURT, DEFENDANTS, AND DEFENDANTS' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2021 at 9:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 5 of the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, the Honorable Jeffrey S. White, presiding, Plaintiff Shawn Clayborne ("Plaintiff") shall and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an order granting Plaintiff leave to file a Second Amended Complaint ("SAC").  As described in the following memorandum in support of the motion, Plaintiff seeks leave to file a SAC to: (1) remove improperly named Defendants Chevron Corporation and the Newtron Group, LLC, and substitute Chevron U.S.A. Inc. ("Chevron") as defendant; (2) add as a named plaintiff and proposed class representative David Pool, a former employee of Chevron and Performance Mechanical, Inc. ("PMI"), Chevron and Harder Mechanical Contractors, Inc. ("Harder"), Chevron and Construction & Turnaround Services, L.L.C ("CTS"), and Chevron and Specialty Welding and Turnarounds, LLC ("SWAT"); (3) add PMI, Harder, CTS, and SWAT as defendants in this matter (Chevron, Newtron, LLC, PMI, Harder, CTS, and SWAT, collectively, "SAC Defendants"); (4) add allegations regarding Chevron's liability as a "client employer" pursuant to California Labor Code section 2810.3; and (5) add allegations regarding SAC Defendants' policy and practice of failing to compensate employees for time spent donning special work clothing and protective gear.  The proposed SAC would also the narrow scope of the case by removing hours worked for Nooter Construction Company and Contra Costa Electric, Inc. from the proposed class definition.

This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities attached hereto; the Declaration of Jahan C. Sagafi and the exhibits thereto; and any additional argument or evidence the Court may consider.

**INTRODUCTION**

Plaintiff Shawn Clayborne ("Plaintiff") moves the Court under Rule 15(a)(2) of the Federal Rules of Civil Procedure for Leave to file a Second Amended Complaint ("SAC") (attached as Exhibit A to the Declaration of Jahan C. Sagafi) to: (1) remove improperly named Defendants Chevron Corporation and The Newtron Group, LLC, and substitute Chevron U.S.A. Inc. ("Chevron") as defendant; (2) add as a named plaintiff and proposed class representative David Pool, a former employee of Chevron and Performance Mechanical, Inc. ("PMI"), Chevron and Harder Mechanical Contractors, Inc. ("Harder"), Chevron and Construction & Turnaround Services, L.L.C ("CTS"), and Chevron and Specialist Welding and Turnarounds, LLC ("SWAT"); (3) add PMI, Harder, CTS, and SWAT as defendants in this matter (Chevron, Newtron, LLC, PMI, Harder, CTS, and SWAT, collectively, "SAC Defendants"); (4) add allegations regarding Chevron's liability as a "client employer" pursuant to California Labor Code section 2810.3; and (5) add allegations regarding SAC Defendants' policy and practice of failing to compensate employees for time spent donning special work clothing and protective gear.[1]  The proposed SAC would also the narrow the scope of the case by removing hours worked for Nooter Construction Company and Contra Costa Electric, Inc. from the class definition.

The practical effect of the amendments is to maintain the same scope:  all workers who worked for Chevron at Chevron's facilities throughout California (minus the new carve-out for Nooter and Contra Costa Electric), asserting off-the-clock claims under the theory that Chevron's conduct makes Chevron liability for the alleged employment law violations.  Plaintiff David Pool seeks to join as a class representative of the same proposed class as Plaintiff Clayborne.  Together, Pool and Clayborne worked for five Chevron subcontractors.  Evidence of their similar experiences working for Chevron through these different subcontractors will be relevant to class certification and liability.

---

[1] In the SAC, Plaintiff also provides further allegations regarding Chevron's El Segundo, California refinery.  Plaintiff also clarifies that his docking claim is not limited to instances in which workers leave early from designated parking lots.

Plaintiff's motion accords with the Court's existing Scheduling Order (ECF No. 53) and should be granted. All of the applicable factors governing amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rules") are satisfied. First, Plaintiff has diligently prosecuted this case in good faith and there is no undue delay associated with Plaintiff's amendment—this is Plaintiff's first amendment of the pleadings in this Court. Second, Defendants cannot show prejudice, as discovery is in its early stages. Third, Plaintiff's proposed amendment is not futile, as Plaintiff's claims have merit.

## **PROCEDURAL HISTORY**

Plaintiff commenced this wage and hour action on September 20, 2019 in the Superior Court of California, Contra Costa County, Case No. MSC19-1830, against Chevron Corporation, Newtron, LLC, and Cherne Contracting Corporation ("Cherne"). Sagafi Decl. ¶ 4. On November 14, 2019, Plaintiff filed a First Amended Complaint ("FAC") removing Cherne from the action and adding The Newtron Group, LLC as Defendant.[2] *Id*. ¶ 5. In the FAC, Plaintiff alleges that Defendants violated several provisions of the California Labor Code and California law through their policy and practice of: (1) failing to compensate Plaintiff and hourly employees for all hours worked at the start of their workdays, starting from the time Defendants require Plaintiff and hourly employees to report to designated parking lots for employer-mandated travel to their worksites; (2) failing to compensate Plaintiff and hourly employees for all hours worked at the end of their workdays, including through the time Plaintiff and hourly employees are able to depart after employer-mandated travel from their worksites back to designated parking lots; and (3) docking Plaintiff's and hourly employees' pay in excessive increments when Plaintiff and hourly employees leave early from designated parking lots. *See* ECF No. 13-3 (State Court FAC).

On November 19, 2019, Chevron Corporation removed the action to this Court asserting jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* ECF

---

[2] The SAC excludes The Newtron Group, LLC as a defendant based on its counsel's representation that The Newtron Group, LLC has no employees and is only a holding company for Newtron LLC. *See* ECF No. 52 (Jt. Case Management Stmt.) at 9.

2

No. 1 (Notice of Removal). On December 19, 2020, Plaintiff filed a Motion to Remand pursuant to an agreed briefing schedule, arguing, among other things, that removal was improper pursuant to CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4).[3] *See* ECF No. 13 (Mot. to Remand). On February 5, 2020, the Court denied Plaintiff's motion without prejudice and granted Plaintiff the opportunity to conduct jurisdictional discovery regarding whether greater than two-thirds of the members of the proposed class are California citizens, as required for application of the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A)(i)(I). *See* ECF No. 20 (Order Denying Without Prejudice Plaintiff's Mot. to Remand). As part of its decision, the Court rejected Chevron Corporation's argument that the proposed class was categorically comprised solely of Newtron employees. *See id*. at 5. Chevron Corporation answered the FAC on February 19, 2020. ECF No. 21 (Chevron's Answer). Newtron, LLC and The Newtron Group, LLC answered the FAC on March 3, 2020. ECF No. 23 (Newtron's Answer).

On May 13, 2020, the Parties filed a joint letter regarding Chevron Corporation's refusal to provide jurisdictional discovery for class members beyond those formally employed by Newtron. *See* ECF No. 27 (Jt. Discovery Ltr.). In addition to requesting an order directing Chevron Corporation to comply with its discovery obligations, in the letter, Plaintiff requested that, to the extent the Court found any ambiguity in the class definition, that Plaintiff be permitted to amend the class definition in accordance with Plaintiff's intent to encompass all hourly workers subject to the challenged policies and practices at refinery facilities in California, excluding those formally employed by Cherne. *See id.* at 1. The Court subsequently referred the Parties' dispute to the Honorable, Kandis A. Westmore, United States Magistrate Judge, for adjudication. *See* ECF No. 28 (Order Referring Discovery to Magistrate). On May 22, 2020, Judge Westmore issued an order finding that, *inter alia*, the applicable class definition

---

[3] Plaintiff further argued that: (1) removal was procedurally improper because Chevron engaged in gamesmanship to thwart service of process, *see* 28 U.S.C. § 1441(b)(2), and (2) the earlier-filed-class-action prong for CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A)(ii), was satisfied. The Court found that removal was not procedurally improper, but that Plaintiff satisfied the earlier-filed-class-action requirement. *See* ECF No. 20 (Order Denying Without Prejudice Plaintiff's Mot. for Remand), at 8-9.

1   encompassed "workers who are provided by all contractors, other than Cherne," and ordering
2   Chevron Corporation to respond to the majority of Plaintiff's discovery requests. ECF No. 30
3   (Discovery Order). On June 8, 2020, Chevron Corporation filed a Motion for Relief from Judge
4   Westmore's Discovery Order. ECF No. 32 (Mot. for Relief from Magistrate Judge's Order).[4]
5   On July 1, 2020, the Court denied Chevron Corporation's motion, and ordered Chevron to
6   produce jurisdictional discovery by no later than August 17, 2020, with Plaintiff's renewed
7   remand motion due on or before September 1, 2020. ECF No. 42 (Order Denying Mot. for
8   Relief from Magistrate Judge's Order).

9   On August 28, 2020, Plaintiff filed a Statement Regarding Renewed Motion to Remand
10  indicating that he did not intend to file such a motion. ECF No. 45 (Stmt. Re: Renewed Motion
11  to Remand). Plaintiff further requested that the Court schedule an initial case management
12  conference to facilitate the commencement of merits discovery, *id*., and announced his intention
13  to seek relief related to Chevron Corporation's substantial failure to produce jurisdictional
14  discovery ordered, as well as his intention to stipulate or seek leave to file a SAC. *Id*.

15  On September 29, 2020, the Court entered a Case Management Order setting, *inter alia*,
16  November 16, 2020, as the last day for Plaintiff to amend the complaint and deferring scheduling
17  trial in this matter until after resolution of Plaintiff's class certification motion (due on June 25,
18  2021). *See* ECF No. 53 (Order Setting Schedule and Vacating Case Management Conference).
19  Pursuant to the ADR Stipulation executed by the Parties, the Parties appeared for a scheduling
20  conference before the Honorable Joseph C. Spero, Chief United States Magistrate Judge, on
21  November 16, 2020. *See* ECF No. 60 (Order Re: ADR Stipulation Selecting Early Settlement
22  Conf. with a Magistrate Judge); ECF No. 61 (Scheduling Order). On November 12, 2020,
23  Plaintiff provided Chevron and Newtron LLC with a draft copy of the proposed SAC, and asked

---

[4] On June 12, 2020, Plaintiff filed an Administrative Motion requesting, *inter alia*, that the Court set a date certain for Chevron Corporation to produce certain discovery and allow the parties to engage in merits discovery. ECF No. 35 (Administrative Mot.). On June 17, 2020, the Court issued an Order denying Plaintiff's request for production by a date certain (in light of Chevron Corporation's pending Motion for Relief from Judge Westmore's Order) and denying Plaintiff's request for merits discovery. ECF No. 39 (Order Granting in Part and Denying in Part Plaintiff's Administrative Mot.).

4

them to stipulate to Plaintiff's filing of the SAC. Sagafi Decl. ¶ 7. Chevron has declined to consent to the filing of the SAC. *Id*. ¶ 8.

This afternoon, Newtron consented. *Id.* ¶ 9.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Carlson v. Anka Behavioral Health, Inc.*, No. 10-cv-3914-TEH, 2012 WL 2196337, at *2 (N.D. Cal. June 14, 2012).

"Courts consider the following factors when determining whether a motion for leave to file an amended complaint should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment." *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-04766-JSW, 2014 WL 12696876, at *1 (N.D. Cal. Mar. 5, 2014) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)); *see also Bradshaw v. SLM Corp.*, No. 12-cv-6376-JSW, 2014 WL 12629967, at *1 (N.D. Cal. Feb. 4, 2014) (same). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG, 2017 WL 6059043, at *1 (N.D. Cal. Dec. 7, 2017) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "In the absence of any prejudice, '[d]elay alone is not sufficient to justify the denial of a motion requesting leave to amend.'" *Edwards*, 2014 WL 12696876, at *1 (quoting *DCD Programs*, 833 F.2d at 187). "The determination of whether to allow amendment 'should be performed with all inferences in favor of granting the motion.'" *Finjan*, 2017 WL 6059043, at *1 (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

### 1. Chevron Cannot Show That Plaintiff Has Acted in Bad Faith in Seeking Amendment, and There is No Undue Delay Associated with Amendment.

Plaintiff's proposed SAC represents Plaintiff's first amendment of the pleadings before this Court, and the amendment accords with the Court's existing Scheduling Order (ECF No. 53). Because the Court's Scheduling Order expressly contemplates amendment, there is no

5

undue delay associated with this amendment. *See Finjan*, 2017 WL 6059043, at *2 ("[G]ranting Plaintiff's motion will not impact any Court-ordered dates or deadlines.").

Moreover, Chevron has had notice of Plaintiff's intent to amend the pleading, and Chevron cannot show that Plaintiff's motion is asserted in bad faith. Plaintiff's motion follows on the heels of extensive motion practice regarding jurisdictional issues concerning Chevron's removal—specifically, the Parties' differing interpretations of the scope of the class definition, and Plaintiff's attempt to obtain jurisdictional discovery from Chevron. As set forth in Plaintiff's Statement Regarding Renewed Motion to Remand, Chevron substantially failed to produce jurisdictional discovery in accordance with the Court's Order, making a remand motion impossible without additional time-consuming and resource-intensive motion practice. *See* ECF No. 45 (Stmt. Re: Renewed Motion to Remand); ECF No. 42 (Order Denying Motion for Relief from Magistrate Judge's Order). Rather than entertain further delay, Plaintiff consented to jurisdiction in this forum and announced his intention to amend the complaint to proceed with prosecution of the merits. *See* ECF No. 52 (Joint Case Management Statement) at 9, § 5. Thus, Plaintiff's amendment will facilitate efficient resolution of the action because Plaintiff has chosen to forego additional motion practice regarding jurisdictional issues and instead focus on prosecuting his claims regarding unpaid hours at Chevron's refinery, including removing any alleged ambiguity in the class definition by adding additional Chevron contractors as SAC Defendants.

### 2. **Amendment Does Not Prejudice Chevron.**

Chevron cannot show prejudice as a consequence of amendment. As discussed, Plaintiff's proposed amendment removes any arguable ambiguity regarding the scope of the case and Chevron's alleged liability. Further, discovery in this action is in its early stages. Plaintiff served written merits discovery requests on October 16, 2020 (to Chevron) and October 19, 2020 (to Newtron LLC), respectively. The proposed amendment will also not materially change the scope of discovery in this matter, and if anything will reduce it. Plaintiff has been clear since the onset of this action that the proposed class encompasses all workers at Chevron's refineries,

subject to enumerated carveouts. Plaintiff is now *expanding* those carveouts to remove hours worked for Nooter Construction Company and Contra Costa Electric, Inc. from the class definition. Plaintiff's addition of donning claims also does not prejudice Chevron, as Plaintiff's donning claims are a variation of the off-the-clock claims that have been the subject of this action since the outset. Similarly, Plaintiff's claims against Chevron as a "client employer" pursuant to Labor Code section 2810.3 accord with the existing focus of the FAC—that Chevron is jointly and severally liable for the Labor Code violations on its premises. In any event, Chevron has been on notice of Plaintiff's intent to prosecute Labor Section 2810.3 claims since April 2020, when Plaintiff provided the requisite statutory notice. *See* ECF No. 52 (Jt. Case Management Stmt.), at 9.

Finally, with respect to the addition of Plaintiff Pool, courts routinely permit plaintiffs to amend class action complaints to add additional named plaintiffs during the pre-class certification discovery phase. *See, e.g.*, *McConnell v. Red Robin Int'l, Inc.*, No. 11-cv-03026-WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr. 17, 2012) ("This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur.").

### 3. Amendment Is Not Futile.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Finjan*, 2017 WL 6059043, at *2 (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Chevron cannot show futility at this early procedural stage. First, Plaintiff Pool's claims against Chevron and PMI, Chevron and Harder, Chevron and CTS, and Chevron and SWAT mirror the existing claims asserted against Chevron and Newtron, LLC. Second, Plaintiff's

claims against Chevron pursuant to California Labor Code section 2810.3 are facially valid, and Chevron will have ample opportunity to challenge its liability at the summary judgment stage. Third, Plaintiff's donning claims reflect additional facts that Plaintiff has learned in the course of his investigation, and courts routinely adjudicate such claims in plaintiffs' favor. *See, e.g.*, *Alvarez v. IBP, Inc.*, 339 F.3d 894, 897 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005). Lastly, because David Pool's claims against Chevron and the contractors are independently timely, an entirely separate action could be filed on his behalf and then consolidated with this case, which would achieve the same effect as Plaintiff's motion, but at greater cost and use of judicial resources.

## CONCLUSION

For the reasons stated above, Plaintiff should be permitted to file the Second Amended Complaint.

Dated: November 16, 2020

Respectfully submitted,

By: */s/ Jahan C. Sagafi*
        Jahan C. Sagafi

Jahan C. Sagafi (SBN 224887)
jsagafi@outtengolden.com
Moira Heiges-Goepfert (SBN 326861)
mhg@outtengolden.com
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Steven Elster (SBN 227545)
steve.elster.law@gmail.com
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, No. 201
Concord, CA 94518
Telephone: (925) 324-2159

*Attorneys for Plaintiff and proposed Class Members*