
```
 1  Jahan C. Sagafi (SBN 224887)
    jsagafi@outtengolden.com
 2  Moira Heiges-Goepfert (SBN 326861)
    mhg@outtengolden.com
 3  Kaelyn Mahar (SBN 338257)
    kmahar@outtengolden.com
 4  OUTTEN & GOLDEN LLP
    One Embarcadero Center, 38th Floor
 5  San Francisco, California  94111
    Telephone:  (415) 638-8800
 6  Facsimile: (415) 638-8810

 7  Steven Elster (SBN 227545)
    steve.elster.law@gmail.com
 8  LAW OFFICE OF STEVEN ELSTER
    785/E2 Oak Grove Road, #201
 9  Concord, CA 94518
    Telephone:  (925) 324-2159
10
    Attorneys for Plaintiffs and Proposed Class
11  Members
```

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN CLAYBORNE, an individual, on behalf of himself, all others similarly situated, and all other aggrieved employees; DAVID POOL, an individual, on behalf of himself and all others similarly situated,<br><br>         PLAINTIFFS,<br><br>    vs.<br><br>CHEVRON U.S.A. INC., NEWTRON LLC, PERFORMANCE MECHANICAL, INC., SPECIALTY WELDING AND TURNAROUNDS, LLC, and DOES 1-100, inclusive,<br><br>         DEFENDANTS. | Case No. 4:19-cv-07624-JSW-KAW<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT<br><br>Hearing Date:  March 3, 2023<br>Time:              9:00 a.m. |

Now before the Court is ~~On _____, 2023, a hearing was held on~~ the motion of Plaintiff Shawn Clayborne for an order to: (1) conditionally certify the settlement classes; (2) preliminarily approve the parties' proposed class action and Private Attorneys General Act ("PAGA") settlement (the "Settlement"); (3) appoint Plaintiff as the Class Representative, his counsel as Class Counsel, and JND Legal Administration as Settlement Administrator; (4) set the deadlines for filing claims, written exclusions, or objections to the Settlement; (5) approve the notices of settlement to Settlement Group; and (6) schedule a hearing on the final approval of the Settlement for __July 28_____, 2023 (the "Preliminary Approval Hearing").[1] _____ ~~appeared for Plaintiff.~~ _____ ~~appeared for Defendant Chevron U.S.A., Inc. ("Chevron") and~~ _____ ~~appeared for Defendant Newtron LLC ("Newtron").~~

Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

## I. NATURE OF ACTION

Plaintiff alleges that Chevron and Newtron violated the California Labor Code, California Business and Professions Code, and a California Industrial Wage Order by failing to pay wages for all time worked by Newtron and other workers employed by Chevron's Third-Party Contractors at Chevron's Richmond, California and El Segundo, California refineries.

Chevron and Newtron dispute and deny all of Plaintiff's claims. Chevron and Newtron contend that they have fully complied with all applicable laws at issue in this matter.

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

II.  **CONDITIONAL CERTIFICATION OF RULE 23 SETTLEMENT CLASS**

   A.  **Rule 23 Settlement Class and PAGA Group**

For settlement purposes only, the Parties have proposed conditional certification of the following proposed class, and approval under PAGA of the proposed two categories of individuals ("Settlement Group"), defined as:

> "Participating Class Members," which means those individuals in the Class who have not timely and properly opted-out of the Class. "Class" means those individuals who performed work from the period of September 20, 2015 through the date of the preliminary approval of the settlement . . . at Chevron's El Segundo, California and/or Richmond, California refineries as hourly workers employed by Newtron or by any Third-Party Contractors; and.

> "PAGA Group," which means those individuals who performed work from the period of July 17, 2018 through the date of the preliminary approval of the settlement . . . at Chevron's El Segundo, California and/or Richmond, California refineries as hourly workers employed by Newtron or by any Third-Party Contractors.

   B.  **Conditional California Rule 23 Certification and PAGA Settlement Approval**

The Court hereby finds and concludes that for purposes of the Settlement only, the Settlement Group satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

   1.  The Settlement Group members are sufficiently numerous that joinder is impracticable.

   2.  Members of the Settlement Group share common issues of fact and law regarding whether Chevron and Newtron failed to pay all wages in violation of California Labor Code §§ 201, 202, 203, 204, 204b, 210, 218, 218.5, 226, 226.3, 226.6, 558, 558.1, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1199, Business and Professions Code §§ 17200, et seq., California Industrial Welfare Commission Wage Order No. 16.

   3.  The Class Representative's claims are typical of those of the Settlement Group he proposes to represent, because they arise out of the same policies and practices and course of conduct complained of by all Settlement Group members.

4. The Class Representative is an adequate representative of the Settlement Group he proposes to represent, because his interests are co-extensive with those of the Settlement Group members, and he has retained experienced counsel to represent him and the Settlement Group members.

5. Questions of law or fact common to the Settlement Group predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Because certification of the Settlement Group is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, for settlement purposes only, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

### III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

#### A. Class Representatives

The Court finds and concludes that the Class Representative has claims typical of the members of the Settlement Group he proposes to represent, and he is an adequate representative of the Settlement Group he seeks to represent. The Court hereby appoints Plaintiff Shawn Clayborne to serve as the Class Representative.

#### B. Class Counsel

The Court finds and concludes that Outten & Golden LLP and the Law Offices of Steve Elster have extensive experience and expertise in prosecuting wage and hour, class and PAGA actions. The Court appoints Outten & Golden LLP and the Law Offices of Steve Elster as Class Counsel.

### IV. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims. The Court has also read and considered the declaration of Jahan C. Sagafi in support of preliminary approval. Based on review of those papers and the Court's familiarity

with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel adequately investigated Plaintiff's claims and became familiar with their strengths and weaknesses. The assistance of Chief Magistrate Judge Joseph C. Spero in the settlement process supports the finding that the Settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

V.  **APPROVAL OF THE NOTICE PLAN**

The Parties have also submitted for this Court's approval two proposed class notices (Exhibit B to the Settlement Agreement) (collectively, "Class Notices"). After carefully reviewing these documents, the Court finds and concludes as follows:

A.  **Best Notice Practicable**

The Class Notices are the best notice practicable under the circumstances and allow the Class a full and fair opportunity to consider the Settlement.

The Class Notices, based on the model forms supplied by the Federal Judicial Center and the Northern District of California's Procedural Guidance for Class Action Settlements fairly, plainly, accurately, and reasonably inform the Class of appropriate information about: (1) the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation, including the address for a website, maintained by the settlement administrator that has links to the notice, motions for approval and for attorneys' fees and any other important documents in the case; (2) how Participating Class Members' settlement shares will be calculated; (3) this Court's procedures for final approval of the Settlement, and about Participating Class Members' right to appear through counsel if they desire; (4) how to comment on or opt out of the Settlement, if a member of the Class wishes to do so, (5) how to obtain additional information regarding this action and the Settlement, including instructions on how to access the case docket via PACER or in person at any of the court's

locations; and (6) the date of the final approval hearing and that the date may change without further notice to the classes, and that class members may check the settlement website or the Court's PACER site to confirm that the date has not been changed.

The proposed plans for distributing the Class Notices likewise are reasonable and calculated to reach individuals who would be bound by the Settlement. Under these plans, the Settlement Administrator will distribute the Class Notice to all Class members by first-class mail and by email and/or text message if no mailing address is available or mail is returned. In addition, Defendant Chevron will post notice at its Richmond, California and El Segundo, California refineries and the Settlement Administrator will publish notice using the methods most likely to reach all Class members. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify Class members who may not receive notice pursuant to the proposed distribution plan.

### B. Notice of Proposed Class Action

At the time Plaintiff files the Motion for Preliminary Approval, Defendant, through the Settlement Administrator, will also submit the Settlement to the appropriate state and federal officials according to 28 U.S.C. § 1715.

### C. Notice of Proposed PAGA Settlement

At the time Plaintiff files the Motion for Preliminary Approval, Plaintiff will also submit the Settlement to the California Labor and Workforce Development Agency ("LWDA").

### D. Approval

Accordingly, the Court finds and concludes that the proposed plans for distributing the Class Notices will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby orders as follows:

1. The Class Notices are approved.
2. The manner of distributing the Class Notices to the Class Members is approved.
3. Promptly following the entry of this order, the Settlement Administrator will

prepare final versions of the Class Notice, incorporating into them the relevant dates and deadlines set forth in this order.

4. Within thirty (30) days of after the Court grants this Order, Defendants shall provide the Settlement Administrator with names, telephone numbers, Social Security Numbers, email addresses, and last-known mailing addresses for all Class Members, if reasonably available.

5. Within fourteen (14) days of providing Class Members' information to the Settlement Administrator, the Settlement Administrator will send, by first-class mail, Notice of the Settlement as approved by the Court.

6. The Settlement Administrator will perform one skip-trace on returned mail and re-mail the Notice to an updated address (if any) as soon as possible upon return of the undeliverable Notice. To the extent that Defendants identify a Class Member but cannot find a mailing address for them, or that a mailed Notice is returned undeliverable, Defendants will make reasonable efforts to identify an email address for that Class member, and the Settlement Administrator will send the notice to the individual by email. To the extent that Defendants identify a Class Member but cannot find a mailing address or email address for them, or to the extent that an emailed Notice is returned undeliverable, Defendants will make reasonable efforts to identify a phone number for that Class Member, and the Settlement Administrator will send the Notice to that individual by text message.

7. Plaintiff will file with their motion for final approval, a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, and will file prior to the hearing on the motion a supplemental declaration from the Settlement Administrator as applicable.

8. The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement.

VI. **PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

A. **Final Approval Hearing**

The Court hereby schedules a Final Approval Hearing to determine whether to grant final

1  approval of the Settlement for ___July 28___, 2023, at _9:00_ a.m. ~~p.m.~~  The date of the
2  hearing may be changed without further notice to the Class.

      **B.**    **Deadline to Opt Out of the Settlement**

           **1.**    **Form of Opt-Out Request**

Any Class Member may opt out of participating in the class portion of the Settlement by submitting a signed letter to the Settlement Administrator stating that he or she wishes to be excluded from the Settlement.  The letter must include the Class Member's full name, address, telephone number, signature, and last four digits of his or her Social Security Number.

           **2.**    **Deadline for Submitting Opt-Out Request**

A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is mailed to the Settlement Administrator by first-class mail and postmarked by no later than forty-five (45) days after the Settlement Administrator first mails the Class Notice to Class members.  Only those Class Members who submit their opt-out request within the time and by the manner set forth in this Order will be excluded from the Settlement.  Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order. PAGA Group members cannot opt out of the PAGA portion of the Settlement.

      **C.**    **Deadline for Filing Comments on or Objections to Settlement**

Any Settlement Group member who wishes to comment on or object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing.  Settlement Group members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing, in person or through counsel.  To be considered, any comment on or objection to the final approval of the Settlement must (a) be submitted in writing to the Court either by mailing the comment or objection to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, (b) be served on counsel for all parties, and (c) be filed or postmarked within forty-

five (45) days after the date of the Notice mailing. Any Settlement Group member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown. Any Class Member who opts out of the Settlement, or any Settlement Group member who fails to object in the manner prescribed by this order, will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.

### D. Deadline for Mailing and Cashing Settlement Share Checks

Each Settlement Group member will be eligible to receive his or her share of the settlement. No later than thirty (30) business days after final approval, each Defendant will issue to the Settlement Administrator their contributions to the Gross Settlement Fund. The Settlement Administrator will distribute the funds from the Gross Settlement Fund, including mailing settlement checks to Settlement Group members, remitting payment to the LWDA, making attorneys' fees and cost payments, and making Service Awards payments. Settlement Group members will have one hundred eighty (180) calendar days from the date of issuance written on the check to cash their Settlement checks, after which time the checks will expire. Should there remain any residual funds from the Gross Settlement Fund after all payments are made under this Settlement, the Settlement Administrator shall pay the remaining amount to the *cy pres* designee East Bay Community Law Center and Neighborhood Legal Services of Los Angeles County.

## VII. PLAINTIFF'S AND SETTLEMENT GROUP MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiff, Declarants, and every Settlement Group member will, pursuant to the Settlement, be adjudicated to have granted the release of "Released of Claims by the Settlement Group" as set forth in Section II.I of the Stipulation of Settlement and Release. Each Settlement Group member shall release all Released Claims as set forth in the Settlement upon the Effective Date of the Settlement.

///

///

## VIII. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

JND Legal Administration is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

IT IS SO ORDERED.

Dated: ~~March~~ February 22, 2023

_____
The Honorable Jeffrey S. White
United States District Court Judge