Jahan C. Sagafi (SBN 224887)
Moira Heiges-Goepfert (SBN 326861)
Kaelyn Mahar (SBN CA 338257)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com
Email: mhg@outtengolden.com
Email: KMahar@outtengolden.com

Steven Elster (SBN 227545)
**LAW OFFICE OF STEVEN ELSTER**
785/E2 Oak Grove Road, No. 201,
Concord, CA 94518
Telephone: (925) 324-2159
Email: steve.elster.law@gmail.com

*Attorneys for Plaintiff and Proposed Class Members*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN CLAYBORNE, an individual, on behalf of himself, all others similarly situated, and all other aggrieved employees; DAVID POOL, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHEVRON U.S.A. INC., NEWTRON LLC, PERFORMANCE MECHANICAL, INC., SPECIALTY WELDING AND TURNAROUNDS, LLC, and DOES 1-100, Inclusive, <br><br> Defendant. | Case No. 4:19-cv-07624-JSW-KAW <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** <br><br> Hearing Date: June 30, 2023 <br> Hearing Time: 9:00 A.M. <br> Courtroom: 5 – 2nd Floor <br> Judge: The Honorable Jeffrey S. White <br><br> Complaint Filed: 09/20/2019 |

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 30, 2023 at 9:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 5 of this Court, located at 1301 Clay Street, Oakland, California, 94612, before the Honorable Jeffrey S. White, Plaintiff Shawn Clayborne, hereby does and will move the Court to: finally approve the Settlement Agreement between the Plaintiff and Defendants Chevron U.S.A. Inc.'s ("Chevron") and Newtron L.L.C.'s ("Newtron") ("Defendants") settling all claims relating to Defendants' alleged failure to pay Class Members and PAGA Group Members for off-the-clock work time spent traveling to jobsites and donning personal protective equipment.

This Motion is noticed to be heard with Plaintiff's previously filed Motion for Award of Attorneys' Fees, Costs, and Service Award (ECF No. 201). The Court preliminary approved the Settlement Agreement on February 22, 2023 (ECF No. 196). Since then, Notice was provided to the Class Members and PAGA Group Members. No Settlement Group Member has opted out of the settlement or objected. Plaintiff intends to file reply brief in support of this motion to the extent that there is further information that will be useful to the Court at least two weeks before the hearing date.

This Motion is based upon this Notice of Motion for Final Approval of Class Action and PAGA Settlement and the following Memorandum; the accompanying Declaration of Jahan C. Sagafi; the Declaration of Gretchen Eoff for Settlement Administrator JND Legal Administration in Support of Motion for Final Approval of Class Action and PAGA Settlement; any oral argument of counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider. A Proposed Order is submitted herewith.

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 1

II. RELEVANT BACKGROUND .................................................................................. 2

    A. The Court Preliminarily Approved the Settlement ............................................ 2

III. THE PROPOSED SETTLEMENT ............................................................................. 3

    A. Settlement Overview .......................................................................................... 3

    B. The Notice and Claims Process ......................................................................... 5

        1. The Robust Notice Plan Was Implemented Successfully ....................... 5

        2. Class Members Reacted Positively to the Settlement ............................ 6

        3. The Parties Complied with Their Notice Obligations Under CAFA and PAGA ......................................................................... 6

IV. ARGUMENT .............................................................................................................. 6

    A. The Best Practicable Notice of Settlement Has Been Provided to the Class ............................................................................................................ 6

    B. Final Approval of the Class Action Settlement Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable ............................... 7

    C. The LWDA Has Been Adequately Notified of the Settlement of the PAGA Claim ................................................................................................ 8

    D. The Court Should Certify the Class as Final ..................................................... 9

V. CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Churchill Village, L.L.C. v. Gen. Elec.*,
　361 F.3d 566 (9th Cir. 2004) ................................................................................................ 6

*Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*,
　533 F. Supp. 3d 881 (N.D. Cal. 2020) ................................................................................. 8

*Eisen v. Carlisle & Jacquelin*,
　417 U.S. 156 (1974) ............................................................................................................. 6

*Ford v. CEC Entm't Inc.*,
　No. 14 Civ. 677, 2015 U.S. Dist. LEXIS 191966 (S.D. Cal. Dec. 14, 2015) ...................... 7

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) ......................................................................................... 7, 8

*Mandujano v. Basic Vegetable Prods., Inc.*,
　541 F.2d 832 (9th Cir. 1976) ............................................................................................... 8

*Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*,
　112 Cal. Rptr. 3d 324 (Cal. Ct. App. 2010) ........................................................................ 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
　221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................................ 8

*Ontiveros v. Zamora*,
　303 F.R.D. 356 (E.D. Cal. 2014) ........................................................................................ 7

**STATUTES**

Cal. Lab. Code § 2699(l)(2) & (3) ............................................................................................. 8

**RULES**

Fed. R. Civ. P. 23 .................................................................................................................. 6, 7

# MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION

## I.   INTRODUCTION

Plaintiff Shawn Clayborne ("Plaintiff") respectfully seeks final approval of the $1,925,000 common fund settlement of this class and representative action on behalf of the Class Members[1] and PAGA Group Members (together "Settlement Group Members"), as set forth in the parties' Stipulation of Settlement and Release ("Settlement Agreement"), attached as Exhibit 1 to the Declaration of Jahan C. Sagafi submitted in support of preliminary approval, ECF No. 193-2.  The settlement will resolve wage and hour claims relating to Defendants' alleged failure to pay Settlement Group Members for off-the-clock work time spent traveling to and from jobsites and donning personal protective equipment.  The settlement is inclusive of attorneys' fees and costs, settlement administration costs, a Class Representative Service Payment to the named Plaintiff, and the Private Attorneys' General Act ("PAGA") Fund, and it provides for no reversion.

On February 22, 2023, the Court granted preliminary approval.  ECF No. 196 ("Preliminary Approval Order" or "PAO").  On or around April 7, 2023, the Settlement Administrator distributed notice to the 2,469 Settlement Group Members for whom Chevron and Newtron provided addresses.  Declaration of Gretchen Eoff for Settlement Administrator JND Legal Administration in Support of Motion for Final Approval of Class Action and PAGA Settlement ("Eoff Decl.") ¶ 8.  Only one Class Member opted out.  *Id.* ¶ 24; Declaration of Jahan C. Sagafi in Support of Motion for Final Approval of Class Action and PAGA Settlement ("Sagafi Decl.") ¶ 4.  To date, no Class Member has objected.  Eoff Decl. ¶ 22.  This positive reaction strongly supports settlement approval.  As discussed below, the Settlement Group Members' average gross award will equal approximately $760 (or $400 net of fees and costs i.e., the Class Representative Service Award, Class Counsel's attorneys' fees and costs, settlement administration costs, and the California Labor and Workforce Development Agency ("LWDA") PAGA payment).  Sagafi Decl. ¶ 7.  This week, Chevron

---

[1] The use of capitalized terms in this Memorandum is consistent with those used in the Settlement Agreement, and are defined therein.  *See* ECF No. 193-2 (Settlement Agreement).

provided additional data to the Settlement Administrator listing information about Settlement Group Members. Eoff Decl. ¶ 7; Sagafi Decl. ¶ 5. To the extent that this includes additional individuals, the average per-person recovery will decrease. Sagafi Decl. ¶ 7.

When the benefits of a significant, timely, certain settlement payment are weighed against the risks of continued, protracted litigation, including a potential defeat at class certification or decertification or on the merits, the fairness, adequacy, and reasonableness of the proposed settlement are apparent. For these reasons, and as outlined in Plaintiff's preliminary approval and fee briefing, Plaintiff respectfully requests that the Court grant final approval.

## II.   RELEVANT BACKGROUND

### A.   The Court Preliminarily Approved the Settlement.[2]

In its PAO, the Court, among other things: (1) approved distribution of class notices by mail, email, text, and publication, and approved a mechanism by which individuals who believed they fit the class definition but had not received individual notice could submit information to the Settlement Administrator to attempt to be designated Settlement Group Members; (2) set a 45-day period for Class Members to opt out or object to the settlement; (3) set a deadline (prior to the opt-out/objection deadline) for the filing of Plaintiff's motion for attorneys' fees and costs; and (4) set the final approval hearing which is scheduled to be held on June 30, 2023 at 9:00 a.m. ECF No. 196 (PAO) at 6-7; ECF No. 198. The Court preliminarily determined that the settlement appeared to be fair, reasonable, and adequate. ECF No. 196 at 5.

The Court also conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(a) & (b), finding: (a) the Class is sufficiently numerous; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative will fairly and adequately represent and protect the interests of

---

[2] A full discussion of factual and procedural background is set forth in Plaintiff's Motion for Preliminary Approval. ECF No. 193 at 8-9.

Class Members because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent him and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id.* at 3-4.

## III.   THE PROPOSED SETTLEMENT

### A.   Settlement Overview

The proposed Settlement Class comprises approximately 2,500[3] Settlement Group Members, in addition to any individuals recently identified by Chevron. Sagafi Decl. ¶ 5. In the preliminary approval motion, Plaintiff provided a conservative estimate of 10,000 Settlement Group Members, ECF No 193 at 10, recognizing that this was a rough extrapolation from limited data Chevron had already collected at that point. The decreased Class size, based on updated information from Chevron, further supports final approval by increasing the calculated per-person award amount, with fewer individuals to share the common fund. Participating Class Members are defined as:

> [T]hose individuals in the Class who have not timely and properly opted out of the Class. "Class" means those individuals who performed work from the period of September 20, 2015 through the date of the preliminary approval of the settlement . . . at Chevron's El Segundo, California and/or Richmond, California refineries as hourly workers employed by Newtron or by any Third-Party Contractors.

Settlement Agreement § II.A.2.

Members of the PAGA Group are defined as:

> [T]hose individuals who performed work form the period of July 17, 2018 through the date of preliminary approval of the settlement . . . at Chevron's El Segundo, California and/or Richmond, California refineries as hourly workers employed by Newtron or by any Third-Party Contractors.

*Id.* § II.A.1.

The $1,925,000 non-reversionary Gross Settlement Fund covers (a) Participating Class Member and PAGA Group payments; (b) $115,000 for PAGA penalties, 75% of which

---

[3] This includes 2,508 unique individuals contained within the class list provided by Defendants and two self-identified Class Members as of the date of filing. Eoff Decl. ¶ 27; ECF No. 201-4 at 2.

will be paid to the LWDA and 25% paid to Aggrieved Individuals, consistent with PAGA; (c) one Class Representative Service Award of up to $15,000; (d) Class Counsel's attorneys' fees up to 35% of the Settlement Amount ($673,750); (e) litigation costs up to $45,000; and (f) settlement administration costs not expected to exceed $90,000.[4]  Settlement Agreement § II.D-E.  The net settlement amount (the amount to be paid to Participating Class Members for non-PAGA claims) is $986,250, defined as the Gross Settlement Amount minus items (b) through (f).  To the extent that any monies are uncashed at the end of check cashing period, the parties have agreed to allocate any residual amounts to the East Bay Community Law Center ("EBCLC") and Neighborhood Legal Services of Los Angeles County, in equal shares.  Settlement Agreement § II.H.7.

Participating Class Members who have not opted out will automatically receive their individual payment without submitting a claim form.  Id. § II.F.  Based on the 2,508 individuals comprising the class list provided by Chevron and Newtron before Notice was sent out, plus the self-identified Class Members, the average individual gross award to the Settlement Group Members will be approximately $760 (or $400 net of fees, costs, and the LWDA PAGA payment) ($1,015,000 / 2,510); if additional individuals are listed in Chevron's supplemental data production, this amount will decrease.  This average compares favorably to Plaintiff's projection in their Fee Motion, ECF No. 201 at 9, of an average per-person gross award $350 to $750 (or $200 to $425 net of fees and costs).

The Release includes of all claims arising out of the dispute that is the subject of the Action or that could have been asserted in the Action against Defendants.  Settlement Agreement § II.I.  In addition, Plaintiff, as Class Representative, generally releases all claims, except those that as a matter of law, may not be released.  Id. § II.I.4.

---

[4] Settlement administration costs may change depending on the total number of individuals who self-identify as Settlement Group Members or for whom additional information is not provided.  Eoff Decl. ¶ 29.  For example, the costs would increase from approximately $90,000 to $110,000 if the parties required JND to mail an IRS form W-9 to the individuals missing TIN information and process the return forms.  Id.

**B.    The Notice and Claims Process**

**1.    The Robust Notice Plan Was Implemented Successfully.**

On March 22 and 24, 2023, Defendants provided the Settlement Administrator with a 2,541-person class list, including names, addresses, social security numbers, and other information for Class Members.[5]  Eoff Decl. ¶ 4; ECF No. 201-4 at 2.  JND processed the Class Member addresses through the National Change of Address database.  ECF No. 201-4 at 3.  On April 7, 2023, JND mailed notices to the last known addresses of the Class Members.  *Id*.  Of the 2,508 unique Settlement Group Members on the class list, 2,469 contained valid addresses and were mailed Notice Packets, 230 were returned undeliverable.  Eoff Decl. ¶¶ 8-9.  JND found new addresses for 147 of the Class Members and remailed their notices to them.  *Id*. ¶ 9.  Of the 230 Class Members with undeliverable notices, 36 of them received notices by email.  *Id*. ¶¶ 9, 11.

Per the Court's order, on April 7, 2023, the Settlement Administrator distributed notice to 2,469 Class Members and PAGA Group Members via First-Class U.S. mail and Chevron posted notice at its Richmond and El Segundo refineries.  Eoff Decl. ¶ 8; ECF No. 201-1 at 3.  Notice was published in the East Bay Times on April 11 and 13, 2023 and in the El Segundo Herald on April 13, 2023, and a press release was sent to 1,000 English and Spanish media outlets, 342 of which posted it to their websites.  Eoff Decl. ¶ 25; ECF No. 201-4 at 4.

The Court-approved Notice fairly and clearly described the following: the nature of the Action, the Class definition, the Release, the procedures governing approval, how to opt

---

[5] As the parties anticipated and informed the Court, ECF No. 193 at 12, the class list contains some, but not all, individuals covered by the class definition; it is also missing Social Security numbers and employment tenure information for some individuals.  Eoff Decl. ¶ 5; Sagafi Decl. ¶ 6.  Chevron informed Plaintiff's Counsel that it is working with Third-Party Contractors to supplement the class list with this data.  Sagafi Decl. ¶ 6.  The parties are discussing whether it is necessary to adjust implementation of the settlement if Chevron does not receive supplemental data from the Third-Party Contractors and how to do so, for example, by issuing W-9 forms to Class Members with missing social security numbers and reviewing Chevron's own gate logs to approximate Class Members' workweeks.  *Id.*

out or object of the settlement, the date for the final approval hearing, and how to contact the Administrator and/or Class Counsel for assistance.  ECF No. 193-2 at 49-59.

### 2. Class Members Reacted Positively to the Settlement.

The reaction of the Class has been overwhelmingly positive, and strongly supports the conclusion that the settlement is fair, adequate, and reasonable.  Only one Class Member has opted out, and no Class Members have objected.  Sagafi Decl. ¶ 4; Eoff Decl. ¶¶ 22, 24.

### 3. The Parties Complied with Their Notice Obligations Under CAFA and PAGA.

Defendant confirmed that it provided notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715.  Sagafi Decl. ¶ 8.  Plaintiff notified the LWDA of the proposed settlement of Plaintiff's PAGA claim.  *Id.* ¶ 9.

## IV. ARGUMENT

### A. The Best Practicable Notice of Settlement Has Been Provided to the Class.

The notice here was the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).  Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted).  Notice mailed to each class member "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).  For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion," stating "the time and manner for requesting exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi).

As described above, the notice process included: (1) mailing and emailing of Notices to Class Members; (2) posting of Notice at Chevron's El Segundo, California and Richmond, California refineries; (3) publishing Notice in the East Bay Times and the El Segundo Herald; and (4) sending a press release to approximately 1,000 English and Spanish media

outlets in California, 342 of which was posted the press release on their websites. Eoff Decl. ¶ 25. Those websites, collectively, have an estimated audience of 117.5 million people. *Id.* Given the overlapping geographic scope of the 342 media outlets, that audience likely constitutes a smaller number of people who potentially viewed the publication Notice on multiple websites. This extremely robust notice plan readily satisfies the requirement that the best notice practicable be sent to Class Members, as due process requires. The parties and the Settlement Administrator have complied with the notice procedures of the Settlement, which the Court endorsed in its Preliminary Approval Order. ECF No. 196 (PAO) at 5-6. Because Settlement Group Members have been given a full and fair opportunity to consider the terms of the proposed Settlement Agreement and to make an informed decision on whether to participate, the Court should find that the notice was adequate for the purposes of satisfying due process. *See Ford v. CEC Entm't Inc.*, No. 14 Civ. 677, 2015 U.S. Dist. LEXIS 191966, at *21 (S.D. Cal. Dec. 14, 2015) (finding notice standards satisfied when claims administrator provided notice in accordance with the procedures previously approved by the court in its preliminary approval order).

### B. Final Approval of the Class Action Settlement Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable.

Class action settlement agreements must be fair, adequate, and reasonable. Fed. R. Civ. P 23(e)(2). The Court has already preliminarily approved the settlement; at the second, final approval stage, the Court entertains any objections to the settlement or treatment of the litigation as a class action. *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014) (citing *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)).

"Assessing a settlement proposal requires [a] court to balance a number of factors." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). These factors include: "the strength of the plaintiffs' case," "the risk, expense, complexity, and likely duration of further litigation," "the risk of maintaining class action status throughout the trial," "the amount offered in settlement," "the extent of discovery completed and the stage of the proceedings," "the experience and views of counsel," "the presence of a governmental participant," and

"the reaction of the class members to the proposed settlement." *Id.* Plaintiff discussed the first six of these factors at length in the Motion for Preliminary Approval, ECF No. 193 at 19-24, and the Court found in the PAO that the settlement was "fair, reasonable, and adequate." ECF No. 196 (PAO) at 5.

As to the last factor, the reaction from the Settlement Group has been extremely positive. The Ninth Circuit and other federal courts have made clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC,* 533 F. Supp. 3d 881, 889-90 (N.D. Cal. 2020) ("The absence of a negative reaction weighs in favor of approval.") (citing *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (internal quotation marks omitted)); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Here, one Class Members has opted out. Sagafi Decl. ¶ 4; *see* Eoff Decl. ¶ 24. No Settlement Group Members have objected. Eoff Decl. ¶ 22. This strong positive reaction supports a finding that the settlement is fair and should be finally approved. *See Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 112 Cal. Rptr. 3d 324, 333-35 (Cal. Ct. App. 2010) (affirming final approval and finding reaction to class favorable even where there were two opt-outs and one objection).

**C.    The LWDA Has Been Adequately Notified of the Settlement of the PAGA Claim.**

The LWDA must be notified of any proposed settlement of PAGA claims, to give it a chance to object. Cal. Lab. Code § 2699(l)(2) & (3). Plaintiff notified the LWDA of the proposed settlement and will upload any judgment from this Court approving the settlement via the LWDA's online portal. Sagafi Decl. ¶ 9.

**D.      The Court Should Certify the Class as Final.**

The PAO provisionally certified the Settlement Class pursuant to Rule 23(a) and (b)(3). ECF No. 196 (PAO) at 3-4. The Court ruled that, for the purposes of settlement, the Class meets Rule 23's requirements. *Id*. The Court also appointed Plaintiff as Class Representatives and Plaintiff's counsel as Class Counsel. *Id.* at 4. The settlement has drawn a favorable response from the Class. For these reasons, and the reasons set forth in Plaintiff's Preliminary Approval Motion and this motion, Class Counsel respectfully submit that a final certification designation for the purposes of settlement is appropriate, including appointment of the Class Representatives and Class Counsel.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the settlement and enter the judgment accordingly.

Respectfully submitted,

Dated: May 19, 2023         By:    /s/ Jahan C. Sagafi
Jahan C. Sagafi (SBN 224887)
Moira Heiges-Goepfert (SBN 326861)
Kaelyn Mahar (SBN CA 338257)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone:(415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com
Email: mhg@outtengolden.com
Email: KMahar@outtengolden.com

Steven Elster (SBN 227545)
**LAW OFFICE OF STEVEN ELSTER**
785/E2 Oak Grove Road, No. 201,
Concord, CA 94518
Telephone: (925) 324-2159
Email: steve.elster.law@gmail.com

*Attorneys for Plaintiff and Proposed Class Members and PAGA Group Members*